(17 Misc. Rep. 497.)

PEOPLE ex rel. MANHATTAN RY. CO. v. BARKER et al.

(Supreme Court, Special Term, New York County. May, 1896.)

TAXATION—REVIEW—REASSESSMENT ORDERED BY COURT OF APPEALS.

Where the court of appeals modified an order of the supreme court so as to require a reassessment of taxes to be made in a particular manner, the supreme court may, on motion, order the tax commissoners to make a return of the reassessment so that it may be determined whether the direction of the court of appeals has been complied with.

Certiorari by the Manhattan Railway Company to review an assessment of its property by Edward P. Barker and others, commissioners of taxes and assessments. Relator moves for an order requiring defendants to file a return of their proceedings in making a reassessment of its property. Granted.

Davies, Stone & Auerbach, for relator.

Francis M. Scott, Corp. Counsel, for respondents.

TRUAX, J. In July, 1894, this court granted a writ of certiorari to be issued to the above-named defendants, requiring them to make a return in regard to the assessment of personal taxes against the above-named Manhattan Railway Company for the year 1894. Said commissioners made a return, and thereafter such proceedings were had that by an order of this court said assessment for the year 1894 was vacated. From the order vacating such assessment an appeal was taken, and said order was reversed by the general term of this court. From the order of the general term an appeal was taken to the court of appeals, and the court of appeals reversed the order of the general term, and modified the order of the special term so as to vacate the assessment, and ordered a reassessment by the commissioners of taxes and assessments. 40 N. E. 996. Thereafter, said commissioners reassessed the said Manhattan Railway Company, and said railway company, feeling aggrieved by such assessment, and claiming that the same was not made in compliance with the direction of the court of appeals, now moves that the said commissioners of taxes and assessments be required to file forthwith with the clerk of this court their report of the reassessment made by them on the 8th day of January, 1896, of the capital stock of the Manhattan Railway Company for the year 1894; and further requiring them to certify and return to this court all and singular the proceedings had by the said commissioners of taxes and assessments of the city and county of New York relating to said reassessment, with the dates thereof, respectively, together with that part of the record relating to the same, and all and singular the papers submitted by the said Manhattan Railway Company, and filed with said commissioners, in relation to such reassessment, and any examination, under oath or otherwise, of such petitioner, or any officer thereof, and any other evidence or information, if any, before said commissioners, or considered by them in arriving at such decision, and, if there were no such evidence or information, a statement of that fact; and, further, a statement

of the reasons for arriving at such decision and the method adopted by said commissioners in arriving at the same, and a statement showing under what law or by virtue of what power, authority, or. claim of authority, on what evidence, and by what method, basis, or theory, such reassessment was made; and, further, any and all documents, records, and papers not embraced in the above specifications relating to, touching, or concerning such reassessment, and a statement of any other matters material to the determination of the obligation of said Manhattan Railway Company. At the same time the said relator made another application to this court, in which it asks that a writ of certiorari be directed to the said commissioners of taxes and assessments, commanding them to certify and return to this court all and singular their proceedings, decisions, and actions in the premises, with the dates thereof respectively; and all and singular the documents, records, affidavits, testimony, statements, and papers before them, touching or concerning the valuations for said reassessment, assessment, or taxation of said real estate and personal property (or of the capital stock and surplus profits) of said relator for the year 1894, or in any wise in respect thereto; and all and singular the documents, records, and papers before them touching or concerning the same; and to return by what authority or claim to authority they have made said reassessment, assessment, or valuations; and also, if any of the allegations of fact contained in this petition be not admitted, why evidence should not be taken with respect thereto; and also with respect to the true valuation of the said present property, or capital stock, or surplus earnings, or why a referee should not be appointed, and said relator permitted to give in evidence, on the hearing, the matters shown to said commissioners; and why the decisions and actions of said commissioners should not be reviewed and corrected on the merits; and why said reassessment or assessment should not be vacated and set aside; and why it should not be directed that the amount of the taxes paid by said relator be refunded, with interest. The defendants contended on the argument that the court was without jurisdiction to grant a new writ of certiorari except upon a verified petition, which petition must be presented to the court within 15 days after the delivery of the tax books to the board of aldermen, as provided by chapter 269 of the Laws of 1880, and that, more than 15 days having elapsed since the delivery of said books as aforesaid, the motion for the writ must be denied. I am of the opinion that the contention of the defendants cannot be sustained. At any rate, the relator cannot be left entirely without remedy because of the failure of the defendants to obey the orders of the court. The court of appeals, when this case was before it (see 146 N. Y. 304, 40 N. E. 996), laid down the way that was to be followed by the defendants in making the reassessment of taxes against the relator. It is the duty of the defendants to follow that way, and if, because of insufficient light, they stray from it, it is the duty of this court to set them right. It will be impossible for this court to say whether the respondents have followed the way laid down for them by the court of appeals unless they make a

return of what they have done. To give the court this information will not be contrary to the provisions of chapter 269 of the Laws of 1880. That chapter (see sections 4, 5) contemplates that the court may order a new assessment or the correction of an assessment, which shall have the same force and effect as if it had been made by the proper assessing officer within the time originally prescribed by law for making such assessment. The motion first above referred to is granted, with costs.

Motion granted, with costs.